# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **ALVIN FRANCOIS** | **CIVIL ACTION NO. 18-0661** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **SCOTT ANSLUM, ET AL.** | **MAGISTRATE JUDGE WHITEHURST** |

## RULING AND ORDER

Before the undersigned is the Motion for More Definite Statement [Doc. 17] filed by defendant, Scott Anslum, the former St. Mary Parish Sheriff. The motion is opposed by the plaintiff, Alvin Francois [Doc. 19]. For the following reasons, the motion is GRANTED.

In his Complaint, the plaintiff alleges that deputies at the St. Mary Parish Law Enforcement Center used excessive force upon him and were deliberately indifferent to his medical needs. While the defendants deny the plaintiff's allegations in full, they assert that no time frame for the allegations has been set forth in the Complaint, and their own records show the plaintiff has not been incarcerated in the St. Mary Parish Law Enforcement Center since April 2016. Defendants argue the claims set forth in the Complaint may be prescribed and seek clarification of the dates on which the alleged constitutional violations occurred. Plaintiff responds that he is not required to provide this information in the complaint and that the defendants can learn this information through discovery.

Federal Rule of Civil Procedure 12(e) provides that a motion for more definite statement may be filed when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading . . . " Fed.R.Civ.P. 12(e). When evaluating a motion for more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which provides in pertinent part, "A pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing the pleader is entitled to relief...." Fed.R.Civ.P. 8(a)(2), which should be read in conjunction with Rule 9, which states that averments of time and place are material for the purpose of testing the sufficiency of a pleading. Fed.R.Civ.9(f).

The undersigned is aware that the Rule 12(e) motion is disfavored, in that "in view of the great liberality of Rule 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir.1959); *see generally* 5A C. Wright and A. Miller, Federal Practice and Procedure §1377 (2nd ed.1990); *Coleman v. H.C. Price Co.*, 2012 WL 1118775, at *6 (E.D. La. Apr. 3, 2012) .

In the instant case, the plaintiff alleges he was assaulted by law enforcement

officers while housed in the St. Mary Parish Law Enforcement Center and alleges various constitutional deprivations against the individuals employed by the Law Enforcement Center in connection with those assaults. The Complaint, however, fails to allege the time period during which the alleged constitutional violations took place. Rule 9(f) of the Federal Rules of Civil Procedure expressly states that "an allegation of time or place is material when testing the sufficiency of a pleading." A Rule 12(e) motion is used to attack claims that fail to state a claim with sufficient particularity, even though such claims may be legally cognizable under the law. *Constance v. Austral Oil Expl. Co.*, 2013 WL 6578178, at *4 (W.D. La. Dec. 13, 2013). Thus, while the plaintiff's claims may be legally cognizant under the law, the claims, as currently pled, do not permit the defendants to test the sufficiency of the pleadings. This Court finds that to require the defendants to undergo costly discovery where the claims, if pled properly, are clearly prescribed, would be prejudicial to the defendants.

Consequently, the Motion for More Definite Statement [Doc. 17] is hereby GRANTED. The plaintiff shall amend his complaint to specifically allege the time period during which the alleged unconstitutional violations occurred within ten days of the date of this Ruling and Order.

Signed at Lafayette, Louisiana, this 28th day of March, 2019.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**