UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ALVIN FRANCOIS | CASE NO. 6:18-CV-00661 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| SCOTT ANSLUM ET AL | MAGISTRATE JUDGE CAROL B. WHITEHURST |

MEMORANDUM RULING

The present matter before the Court is a Motion for Summary Judgment [ECF No. 31] filed by defendant Scott Anslum, Sheriff of St. Mary Parish, Louisiana. Anslum contends that plaintiff Alvin Francois' section 1983 claims are barred by the statute of limitations. For the reasons explained below, the Motion for Summary Judgment is GRANTED.

I.
BACKGROUND

Francois filed his Original Complaint on May 17, 2018, asserting claims under 42 U.S.C. 1983 against Scott Anslum in his official capacity as Sheriff of St. Mary Parish, Louisiana.[1] Francois alleges that he was physically abused while he was incarcerated at the St. Mary Parish Law Enforcement Center ("SMPLEC").[2] He also alleges that SMPLEC failed to provide medical treatment for his mental illness. Anslum filed a Motion for More Definite Statement, arguing that the Original Complaint failed to identify when Francois was detained at SMPLEC and the timeframe for the events underlying his section 1983 claims.[3] In that motion, Anslum asserted that SMPLEC's records reflect that Francois had not been incarcerated at the facility since April of

---

[1] Complaint [ECF No. 1].
[2] *Id.* at ¶¶10-13.
[3] Motion for More Definite Statement [ECF No. 17].

1

2016.[4] The Magistrate Judge granted the motion,[5] and Francois filed his Amended Complaint on March 30, 2020.[6] In the Amended Complaint, Francois alleges that the conduct underlying his section 1983 claims occurred between May 17-19, 2017.[7]

Anslum then filed the present Motion for Summary Judgment, arguing that there is no evidence that Francois was incarcerated at SMPLEC between May 17-19, 2017—or, indeed, at any time after April of 2016. Francois filed an Opposition to the Motion for Summary Judgment but did not attach any evidence supporting the May 17-19, 2017 timeline alleged in the Amended Complaint. Critically, Francois submitted a sworn affidavit that does not identify his dates of incarceration or otherwise support the timeframe in the Amended Complaint.

## II.
## LAW AND ANALYSIS

### A. Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought."[8] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[10] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating

---

[4] *Id.*
[5] ECF No. 20.
[6] ECF No. 25.
[7] *Id.* at ¶¶10-11.
[8] Fed. R. Civ. P. 56(a).
[9] *Id.*
[10] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).

by competent summary judgment proof that there is an issue of material fact warranting trial.[11]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[12] "Credibility determinations are not part of the summary judgment analysis."[13] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[14]

### B. Are Francois' Section 1983 Claims Barred By Limitations?

A cause of action under section 1983 is a federal cause of action. However, section 1983 contains no independent limitations period. As a result, the "settled practice is to borrow an 'appropriate' statute of limitations" from the forum state.[15] The Fifth Circuit has held that Louisiana's one-year prescriptive period for personal injury actions under La. Civ. Code Ann. art 3492 governs the limitations period for section 1983 claims filed in Louisiana.[16] The parties do not dispute that a one-year limitations period applies to Francois' claims.

Based on the records submitted by Anslum, Francois was booked into SMPLEC on April 8, 2015 and subsequently transferred to the custody of Rivers Correctional on April 4, 2016.[17] The

---

[11] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[12] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[13] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[14] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).
[15] *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (citation omitted).
[16] *See Lavellee v. Listi*, 611 F.2d 1129 (5th Cir.1980)
[17] See Exhibit A to ECF No. 31.

3

records further reflect that Francois was transferred to Elayn Hunt Correctional on June 20, 2016, where he remained until his release from prison on March 25, 2017.[18] Based on these records, Francois was not incarcerated at SMPLEC after April of 2016. This evidence refutes the allegations in the Amended Complaint that the events at SMPLEC—the denial of medical care and physical abuse—occurred between May 17-19, 2017. In response, Francois presented no evidence that he was incarcerated at SMPLEC during 2017, other than the bare allegations of the Amended Complaint. Francois submitted a sworn affidavit in support of his opposition to the Motion for Summary Judgment, but that affidavit does not identify the timeframe during which he was incarcerated at SMPLEC. In light of the summary judgment record, the latest that the events underlying Francois' claims could have occurred is April 4, 2016. Based on this date, the one-year statute of limitations expired on April 4, 2017. Since this action was not filed until May 2018, Francois' claims are barred by the statute of limitations.[19]

### C. Equitable Tolling

Relying on *Fisher v. Johnson*,[20] Francois argues in the alternative that the doctrine of equitable tolling preserved his claims. Specifically, Francois posits that he suffers from schizophrenia and takes drugs for the disease that affect his memory, judgment and decision-making.[21] He argues that his claims were equitably tolled as a result of his mental illness and treatment. Because Louisiana law applies to the applicable limitations period, Louisiana law also applies to whether and under what circumstances that limitations period may be tolled.[22] While

---

[18] *Id.*
[19] Francois points to an alleged inconsistency in the documents as to transfer dates: the documents apparently show an April 4, 2016 transfer date not only for SMPLEC but also Rivers Correctional. Viewing this evidence in the light most favorable to Francois, it does not create a genuine question of material fact as to Francois' custody at SMPLEC. The documents show that he left SMPLEC's custody on April 4, 2016, and Francois has come forward with no evidence showing otherwise—not even in his sworn affidavit.
[20] 174 F.3d 710 (5th Cir. 1999).
[21] *See* Exhibit A to ECF No. 35
[22] *See Wilson v. Hargroder*, 46 F.3d 67 (5th Cir. 1995).

Louisiana law does not recognize "equitable tolling" with respect to prescription, it recognizes the doctrine of *contra non valentem* as an exception to the general rules of prescription.[23] Louisiana's doctrine of *contra non valentem* provides that "prescription does not run against one who is ignorant of the *facts* upon which their cause of action is based and applies an exception to the statutory prescriptive period where *in fact and for good cause* a plaintiff is *unable* to exercise his cause of action when it accrues."[24] The doctrine generally suspends prescription only if the facts of the case fall into one of four narrow categories:

1. Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;

2. Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;

3. Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and

4. Where some cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.[25]

These categories and the doctrine in general are narrowly construed by Louisiana courts.[26]

Francois' grounds for applying the *contra non valentem* doctrine in the present case are his mental illness and the effects of the treatment for that mental illness. Francois' argument appears to rely on the third and fourth categories of the doctrine; there is no evidence that would suggest that this case falls into the first two categories. With respect to the third category, there is no evidence that the actions of Anslum or SMPLEC (as opposed to the effects of Francois' mental illness) prevented Francois from timely filing this action. For this category of the doctrine to apply,

---

[23] *Hillman v. Akins*, 631 So.2d 1 (La. 1994); *Bouterie v. Crane, supra*; *Harvey v. Dixie Graphics, Inc.*, 593 So.2d 351 (La. 1992); *Plaquemines Parish Com'n Council v. Delta Development Co., Inc.*, 502 So.2d 1034, 1054 (La. 1987).
[24] *Eastin v. Entergy Corp.*, 865 So. 2d 49, 55 (La. 2004) (emphasis in original).
[25] *Wimberly v. Gatch*, 635 So. 2d 206, 211–13 (La. 1994).
[26] *See, e.g., Doe v. Ainsworth*, 540 So.2d 425, 426 (La. App. 1st Cir.1989) (noting that requests to apply the doctrine are "rarely accepted").

5

the plaintiff must show that (1) the defendant has engaged in conduct "which rises to the level of concealment, misrepresentation, fraud or ill practice,"[27] (2) the defendant's actions "effectually prevented the plaintiff from pursuing a cause of action,"[28] and (3) the plaintiff must "have been reasonable in his or her inaction."[29] Here, Francois alleges that SMPLEC failed to treat his mental illness but does not explain how this failure to treat his illness prevented him from timely filing suit. In his affidavit, Francois states that "during all pertinent times, he was on suicide watch and placed in solitary confinement at the Mary Parish Law Enforcement Center." [ECF No. 35-1 at ¶ 6]. However, even assuming that this period of solitary confinement prevented Francois from pursuing his legal rights while confined at SMPLEC, it does not explain why he could not have exercised his legal rights *after* his release from SMPLEC on April 4, 2016. As previously explained, there is no evidence that Francois was incarcerated at SMPLEC from April 2016 through the expiration of the limitations period in April 2017. In sum, Francois fails to show how Anslum's or SMPLEC's actions could have "effectually prevented [Francois] from pursuing a cause of action" after he left SMPLEC custody in April 2016.[30]

With respect to the fourth category of the doctrine, Francois has not explained how his mental illness and the treatment for that illness prevented him from timely filing suit because his claims were "not known or reasonably knowable."[31] Nothing in the applicable Louisiana case law holds that the mere presence of a mental illness is sufficient to invoke the *contra non valentem* doctrine—rather the plaintiff must show that the illness actually prevented the timely filing of a suit.[32] Here, there is no evidence that Francois was ever adjudicated legally incompetent.

---

[27] *Fontenot v. ABC Ins. Co.*, 674 So. 2d 960, 963 (La. 1996).
[28] *Hendrick v. ABC Ins. Co.*, 787 So.2d 283, 290, 293(La. 2001).
[29] *Jordan v. Employee Transfer Corp.*, 509 So.2d 420, 423 (La. 1987).
[30] *Hendrick*,787 So.2d at 290.
[31] *Wimberly*, 635 So. 2d 206, 211–13 (La. 1994).
[32] *Wilson*, 46 F.3d at 69.

Moreover, even if Francois' treatments affected his memory, judgment, and decision-making, the record does not create a genuine question of material fact over whether and how these conditions prevented the timely filing of a suit for the entire period from April 4, 2016 (the date of Francois' transfer from SMPLEC) through the expiration of the limitations period on April 4, 2017.

Finally, Francois' reliance on *Fisher v. Johnson* is inapt because that case is distinguishable. *Fisher* dealt with equitable tolling as a question of *federal* law: whether equitable tolling applied to the limitations period for filing a writ of habeas corpus under the federal Antiterrorism and Effective Death Penalty Act.[33] The case did not address Louisiana's narrow *contra non valentem* doctrine in the context of a section 1983 action. Moreover, even if *Fisher* were applicable, in that case the Fifth Circuit actually affirmed the ***denial*** of tolling under circumstance more extreme than the circumstances reflected in the record of the present case. Specifically, in *Fisher* the plaintiff not only suffered from mental illness, he was confined in a special unit of the state prison for psychiatric treatment, did not have access to the law library (or presumably to incoming legal correspondence routed through the library), was legally blind without use of his glasses, and was denied access to his glasses during confinement.[34] Nevertheless, the court denied relief: "But a brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant equitable tolling."[35] The court concluded that the evidence did not support the plaintiff's claim that his brief period of confinement prevented timely compliance with the one-year statute of limitations.[36] Here, like *Fisher*, even if Francois has demonstrated that he suffers from a mental illness and adverse side effects from his treatment for that illness, he has offered nothing to show the duration of these effects or that the effects were so severe they

---

[33] 174 F.3d at 712-14.
[34] *Id.* at5 715
[35] *Id.*
[36] *Id.* at 715-16

prevented him from filing suit within the one-year limitations period. The doctrine of *contra non valentem* is therefore unavailable to preserve Francois' claims from dismissal under the statute of limitations.

* * *

Based upon the foregoing reasons, the Court finds that there are no genuine issues of material fact and that defendant Anslum is entitled to summary judgment on the basis that the claims asserted by Francois are barred by the one-year limitations period applicable to these claims. The Motion for Summary Judgment is GRANTED, and the claims asserted by Francois are DISMISSED.

THUS DONE in Chambers on this __3rd__ day of June , 2021.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE